■ DOREEN C. PRINCE, Respondent, v MAXWELL INVERARY, Appellant. [652 NYS2d 995] —In an action for the partition and sale of real property, the defendant appeals from (1) an interlocutory judgment of the Supreme Court, Kings County (Barasch, J.), entered July 7, 1995, which determined that the parties were tenants in common with respect to the property and directed that the property be sold, (2) an order of the same court entered October 17, 1995, which denied his motion to stay the sale of the property, and (3) a purported order of the same court dated December 29, 1995, which notified the tenants that the plaintiff is the sole owner of the property and directed them to pay rent to her.

Ordered that the appeal from the purported order dated December 29, 1995, is dismissed, without costs or disbursements, since the purported order is a letter from the Referee and is not an appealable paper *(see,* CPLR 5512); and it is further,

Ordered that the interlocutory judgment and the ·order

entered October 17, 1995, are affirmed, without costs or disbursements.

The parties owned a parcel of real property as equal tenants in common. The plaintiff was, in essence, a passive investor who did not live on the premises. The defendant lived on the premises, collected rent from the other tenants, paid the mortgage and other expenses, and extensively renovated and repaired the property. He paid no rent to the plaintiff. In 1986 the plaintiff commenced this action for the partition and sale of the property, and a Referee was appointed. Partition was granted and the property was sold to the plaintiff at a public auction in 1995. An accounting was subsequently held to determine who was entitled to the balance of the proceeds of the sale. The Referee recommended that they be awarded to the plaintiff.

There is no merit to the defendant's contentions that he was deprived of his right to bid on the property and that he was not consulted regarding its value. The court gave him an opportunity to bid on the property before the sale at a public auction. Upon the defendant's request, a hearing was held on September 16, 1992, prior to the sale of the property, to determine both its value and the credits due the respective parties. The record reveals that the parties could not agree on a purchase price, and the property was subsequently sold to the plaintiff at a public auction.

The defendant's remaining contentions are either not properly before this Court or without merit. Miller, J. P., Santucci, Joy and Krausman, JJ., concur.